The judgment appealed from should be affirmed, with costs. All concur.

---

PEOPLE ex rel. BROOKLYN TRACTION CO. v. BOARD OF ASSESSORS.

(Supreme Court, Special Term, Kings County. July, 1894.)

TAXATION—SHARES OF CORPORATE STOCK.
    A corporation which holds certificates of stock in another corporation is not taxable therefor, since the property represented by such certificates is taxable against the corporation issuing them.

Certiorari by the Brooklyn Traction Company to set aside an assessment by the board of assessors on shares of stock held by the company. Granted.

Seligman & Seligman (B. F. Tracy, of counsel), for relator.
Albert G. McDonald (Henry Yonge, of counsel), for respondent.

GAYNOR, J. All lands and personal property, whether owned by corporations or individuals, are alike liable to taxation. 2 Rev. St. (8th Ed.) pt. 1, c. 13, tit. 1, § 1. The property of a corporation is called its "capital." The capital of a corporation is the same as the capital of an individual, and each is subject to the same taxation. It is not the paper certificates of shares of capital in a corporation that are taxed. They merely represent and evidence the distributive portions of the capital or substance of the company which would go to the different shareowners upon the dissolution of the company, and it is this capital or substance which is taxed. The actual property, not the paper certificates representing it, is what is taxed. To tax the property, and then the paper certificates representing it, would be taxing the same property twice. It would be the same as taxing so many acres of land, and then taxing the title deeds of it. But our tax laws allow no such thing, nor is there anything in them to suggest or make credible that assessors might even attempt to do the like. Indeed, as if to preclude the possibility of it, the legislature expressly made the "owner or holder" of stock in any corporation which is liable to taxation on its capital not liable to be taxed for such stock (2 Rev. St. [8th Ed.] pt. 1, c. 13, tit. 1, § 7); obviously meaning the paper certificates of the shareholder, and not the proportion of the property, real and personal, of the corporation represented by them, for the title to that is not in a shareholder at all, and it is therefore not taxable against him. But on the contrary the title to it is in the corporation, and it is therefore taxable against the corporation. 2 Rev. St. (8th Ed.) pt. 1, c. 13, tit. 1, § 1. The relator, the Brooklyn Traction Company, is the owner of shares of stock in the Atlantic Avenue Railroad Company. It may no more

be taxed upon said shares than may any other owner of shares in the said company be taxed upon his shares.     This is obvious.     But, nevertheless, the legislature, in a spirit which, except for the occurrence of this case, would have to be deemed needless caution, has commanded assessors, in the marshaling of the assets of corporations for taxation, to exclude or deduct all shares of stock owned by them in corporations whose capital is taxable.     Laws 1857, c. 456, § 3.     Judgment for the relator, with costs and disbursements.